UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JUAN PEREZ
    Plaintiff,

v.                               Case No.: 6:22-cv-1133

MARGARITAS V & P, INC.
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JUAN PEREZ, (hereinafter also referred to as "Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, MARGARITAS V&P, INC., ("MARGARITAS") and states as follows:

*Introduction*

1. This is an action by the Plaintiff against his former employer for unpaid overtime compensation, liquidated damages and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S. C. § 201 et seq.

*Parties, Jurisdiction, and Venue*

2. Plaintiff, JUAN PEREZ, is a resident of Brevard County, Florida

3. Defendant, MARGARITAS, is a Florida Company, registered and conducting business in Brevard County, Florida.

4. Venue is proper within the Middle District of Florida because a substantial part of the events giving rise to this claim arose here.

5. All conditions precedent to the institution and maintenance of this cause of action have been met or waived.

6. Plaintiff has retained the law firm of Arcadier, Biggie & Wood, PLLC to represent his interest in this matter, and Plaintiff has agreed to pay, said firm a reasonable attorney's fee for its services.

## *General Allegations*

7. Plaintiff was a non-exempt, hourly employee of Defendant, as the term "employee" is defined by 29 U.S.C. § 203(e).

8. Plaintiff started working for Defendant on or about September 1, 2021. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are in Defendants' exclusive custody.

9. Plaintiff's employment with Defendant ended on or about March 2022.

10. Plaintiff was a non-exempt employee of Defendant working as a dishwasher at MARGARITAS restaurant who worked in excess of 40 hours during a workweek but was not paid at a rate of one- and one-half times his regular rate for each hour worked over 40 during a workweek.

11. At all times relevant, Defendant, MARGARITAS, did business as a Mexican restaurant at 1155 Malabar Rd. NE, Palm Bay, FL 32907.

12. At all times relevant, Defendant, MARGARITAS, was and is an "enterprise" engaged in commerce as defined by 29 U.S.C. § 203 because it has employees handling, selling, or otherwise working on goods or materials including food, drinks, and supplies, that have been moved in or produced for commerce, as well as handling credit card transactions and accepting orders online[1] and over the phone and its annual gross volume of sales made or business done is not less than $500,000.

13. Defendant was Plaintiff's employer for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. § 203(d).

## **COUNT I – RECOVERY OF OVERTIME COMPENSATION FLSA**

14. Plaintiff re-alleges and incorporates paragraphs 1 through 13 of this Complaint, as if set forth in full herein.

15. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

16. Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per week.

---

[1] https://margaritasvip.com/
https://www.facebook.com/margaritasvp

17. During his employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

18. Plaintiff worked six days per workweek, 10 hours per day.

19. This resulted in Plaintiff working a 60-hour workweek, inclusive of 20 overtime hours.

20. Plaintiff was paid approximately $740.29 per workweek, resulting in a regular rate of approximately $12.34 per hour.

21. Plaintiff worked 540 overtime hours during his tenure with Defendant but was not paid time and one-half his regular rate for those overtime hours.

22. Plaintiff is owed $3,331.31 in unpaid overtime.

23. Defendant did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

24. Plaintiff does not possess the complete records relating to their work hours and compensation; Defendants are in possession of such records, and responsible for their storage and safekeeping.

25. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

26. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, for all damages to which he may be entitled, including, but not limited to:

a. Judgment for unpaid overtime compensation in the amount of $3,331.31;

b. Liquidated damages in the same amount pursuant to 29 U.S.C. § 260;

c. An award of reasonable attorney's fees and all costs incurred herein pursuant to 29 U.S.C. § 216(b); and

d. All other damages to which Plaintiff may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

Respectfully submitted on this 30th day of June 2022.

  ARCADIER, BIGGIE & WOOD, PLLC.

  */s/ Joseph C. Wood, Esquire*
  Joseph C. Wood, Esquire
  Florida Bar No.: 0093839
  Maurice Arcadier, Esquire
  Florida Bar No. 0131180
  2815 W. New Haven, Suite 304
  Melbourne, Florida 32904
  Primary Email: office@ABWlegal.com
  Secondary Email: wood@ABWlegal.com
  Phone: (321) 953-5998
  Fax: (321) 953-6075