# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JUAN PEREZ,**

      **Plaintiff,**

**v.**                                            **Case No: 6:22-cv-1133-RBD-EJK**

**MARGARITAS V&P, INC.,**

      **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's Motion for Clerk Default (the "Motion") (Doc. 14), filed August 25, 2022. Upon consideration, the Motion is due to be denied.

### I.   BACKGROUND

On June 30, 2022, Plaintiff filed a Complaint against Defendant Margaritas V&P, Inc. ("Margaritas") for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219. (Doc. 1.) The Motion seeks entry of default against Margaritas as Defendant has not responded to the Complaint. (Doc. 14.)

Plaintiff asserts that Erique Araica, who is the brother of Joanie E. Velazquez, Margaritas' corporate officer, is authorized to accept substitute service on behalf of Margaritas. (*Id.* at 1.) Araica was served on July 23, 2022, at the residence located at 418 Beauregard Avenue, Palm Bay, FL 32907, which they share. (Doc. 11.)

## II. STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III. DISCUSSION

Under the federal rules, a corporate defendant may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1).

Florida Statutes permit process to be served on a corporation by serving any one of the following persons: (1) the president, vice president or other corporate head; (2) the cashier, treasurer, secretary, or general manager; (3) any corporate director; (4) any

officer or business agent residing in Florida; or (5) an agent designated by the corporation under Florida Statute § 48.091.[1] *See* Fla. Stat. §§ 48.081(1), (3)(a).

The process server's return states that the summons and complaint in this action were served on Araica at 418 Beauregard Avenue, Palm Bay, Florida 32907, and that Araica resides there and is over the age of fifteen. (Doc. 11.) The return states that Velazquez, who is a corporate officer of Margaritas, shares that residence with Araica. (*Id.*) However, Plaintiff has failed to demonstrate how service is effective on Margaritas by substitute service on Araica. In fact, the Motion fails to address this in any respect, stating in conclusory fashion that "[t]he Registered Agent . . . was properly served . . . ." (Doc. 14, ¶ 2.) A review of the Florida Division of Corporations website indicates that Margaritas' registered agent is John Holder and lists a Boca Raton address for service.[2] Because Plaintiff has failed to demonstrate how the substitute

---

[1] Florida Statute § 48.091 provides:

> (1) Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with part I of chapter 607.
>
> (2) Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

[2] Florida Department of State, Division of Corporations, *Entity Name List*, Sunbiz.org, https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResults/EntityName/

service here was effective, the Motion is due to be denied without prejudice.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Clerk Default (Doc. 14) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Orlando, Florida on September 16, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

margaritas%20V%26P/Page1?searchNameOrder=MARGARITASVP (last visited Sept. 12, 2022, 2:22 PM).