## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JUAN PEREZ,**

**Plaintiff,**

**v.**                                        **Case No: 6:22-cv-1133-RBD-EJK**

**MARGARITAS V&P, INC.,**

**Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's Second Motion for Clerk Default (Doc. 17), filed September 21, 2022.

## I.    BACKGROUND

On June 30, 2022, Plaintiff filed a Complaint against Defendant Margaritas V&P, Inc. ("Margaritas") for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219. (Doc. 1.) Plaintiff previously filed a motion for entry of default against Margaritas (Doc. 14), which the Court denied without prejudice due to an insufficient explanation of how service of process was effective. (Doc. 15.) Plaintiff now moves again for entry of default against Margaritas. (Doc. 17.)

Plaintiff asserts that, after failed attempts to serve Margaritas's registered agent, it served Joanie E. Velazquez, Margaritas's President, at the address she listed for service, which was a residence, by serving her brother, Erique Araica, who also resided there. (*Id.* at 1–2; Doc. 11.)

## II.   STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III.   DISCUSSION

Under the federal rules, a corporate defendant may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1).

To that end, Florida Statute § 48.081 permits process to be served on a corporation by serving any one of the following persons: (1) the president, vice president or other corporate head; (2) the cashier, treasurer, secretary, or general manager; (3) any corporate director; (4) any officer or business agent residing in

Florida; or (5) an agent designated by the corporation under Florida Statute § 48.091.

*See* Fla. Stat. §§ 48.081(1), (3)(a).

Florida Statute § 48.091 provides:

(1) Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with part I of chapter 607.

(2) Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

Fla. Stat. § 48.091(1), (2).

Here, the Affidavit of Non-Service indicates Plaintiff attempted service on Margaritas at the office of its registered agent on Monday, July 11, 2022, within the hours of 10:00 a.m. and 12:00 p.m.; however, the registered agent was not available as required by § 48.091. (Doc. 16.) Therefore, Plaintiff attempted service on Margaritas's President, Joanie E. Velazquez, on July 23, 2022, at Margaritas's principal place of business and the address listed for the President, which was a residence, at 418 Beauregard Avenue, Palm Bay, Florida 32907. (Doc. 11.)

If the address for the corporate officer is a residence, as here, Florida Statute § 48.081(3)(b) permits Plaintiff to serve that officer in accordance with Florida Statute § 48.031, which allows service at an individual's usual place of abode with any person

residing therein who is 15 years of age or older.[1]  The Affidavit of Service states that Joanie Velazquez was served at her residence by delivering the summons to her brother, Erique Araica, who also resided there and was over the age of fifteen, on July 23, 2022. (Doc. 11.) Therefore, service on Margaritas was effective under Florida law. As more than 21 days have elapsed since Margaritas has been served, default is due to be entered. Fed. R. Civ. P. 12(a)(1)(A).

## IV.    CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Second Motion for Clerk Default (Doc. 17) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter default against Defendant Margaritas V&P, Inc.

**DONE** and **ORDERED** in Orlando, Florida on October 3, 2022.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[1] Florida Statute § 48.031(1)(a) states that service on an individual may be made:

> by delivering a copy of [the summons] to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.