UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JUAN PEREZ,**

        **Plaintiff,**

**v.**                                            Case No: 6:22-cv-1133-RBD-EJK

**MARGARITAS V&P, INC.,**

        **Defendant.**

**REPORT AND RECOMMENDATION**

This cause comes before the Court on Plaintiff's Motion for Entry of Final Default Judgment (the "Motion"). (Doc. 20.) Upon consideration, I respectfully recommend that the Motion be granted.

**I.    BACKGROUND**[1]

This is an action for one count of unpaid overtime wage compensation under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219 ("FLSA"). (Doc. 1.) Plaintiff sued Defendant, Margaritas V&P, Inc. ("Margaritas"), asserting that he was a non-exempt employee working as a dishwasher at Defendant's Mexican restaurant. (*Id.* ¶¶ 7–11.)

Plaintiff served Defendant on July 23, 2022. (Doc. 11.) No answer was filed by Defendant. Thus, after the undersigned granted Plaintiff's motion for a clerk's default,

---

[1] On default, a defendant admits the well-pleaded allegations of fact in the complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

the Clerk entered default against Defendant on October 4, 2022. (Docs. 18, 19.) Plaintiff thereafter filed the instant Motion, supplemented by his Declaration and a Declaration from his Attorney, Joseph C. Wood. (Docs. 20, 21, 23.)

## II.     STANDARD

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. Fed. R. Civ. P. 55(b)(2). The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (unpublished). Rather, a defaulted defendant is deemed only to admit the plaintiff's well-pled allegations of fact. *Id.* "Thus, before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* (emphasis in original).

"Once liability is established, the court turns to the issue of relief." *Enpat, Inc. v. Budnic,* 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c), '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." *Id.* (citing Fed. R. Civ. P. 55(b)(2)).

### III. DISCUSSION

#### A. Personal Jurisdiction

Upon review of the allegations in the Complaint and the service of process, the undersigned finds that there is personal jurisdiction over Defendant. "'Personal jurisdiction is a composite notion of two separate ideas: amenability to jurisdiction, or predicate, and notice to the defendant through valid service of process.'" *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003) (quoting *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir. 1983)). The party moving for default judgment must demonstrate that a court has jurisdiction over the party against whom the default judgment is sought. *See Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752561, at *2 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted*, 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) ("In addition to a showing of adequate service of process (or a showing sufficient to establish waiver of same), a Court . . . must assure itself of jurisdiction over the action and the parties.").

The undersigned finds that there is personal jurisdiction over Defendant because it is a Florida corporation that operates and conducts business in Brevard County, Florida. (Doc. 1 ¶ 3.) Additionally, in the Order granting Plaintiff's Second Motion for Clerk Default, the undersigned concluded that service on Defendant was effective under Florida Statute § 48.081. (Doc. 18 at 2–4.)

### B. Subject Matter Jurisdiction

Plaintiff alleges that there is federal question jurisdiction over his unpaid overtime wage claim brought pursuant to the FLSA. (Doc. 1 ¶ 1.) Federal question jurisdiction exists in civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). Here, federal question jurisdiction is apparent on the face of the Complaint.

### C. Venue

Pursuant to 28 U.S.C. § 1391(b)(2), a civil action can be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Venue is appropriate in the Middle District of Florida, Orlando Division, because a substantial portion of the events giving rise to the claim at issue occurred in Brevard County, Florida. (Doc. 1 ¶ 4); Local Rule 1.04(a) (stating that the Orlando Division encompasses Brevard County).

### D. Entitlement to Default Judgment and Damages

#### 1. FLSA Claim

Plaintiff asserts one count of unpaid overtime wage compensation. (Doc. 1 ¶¶ 14–26.) The FLSA prohibits an employee from working more than 40 hours a week unless he is compensated at "a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(2). Any employer who violates the FLSA's overtime wage provisions is "liable to the employee . . . affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." *Id.* § 216(b).

The FLSA establishes overtime wage standards for employees who are "engaged in commerce or in the production of goods for commerce" or "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(b). "To trigger liability under the FLSA's overtime . . . wage provision[s], a plaintiff must show: (1) an employee-employer relationship exists between the parties, and (2) he is 'covered' by the FLSA." *Cabreja v. SC Maint., Inc.*, No. 8:19-cv-296-T-33CPT, 2019 WL 2931469, at *3 (M.D. Fla. June 19, 2019) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)), *report and recommendation adopted*, 2019 WL 2929325 (M.D. Fla. July 8, 2019). "To state a claim for failure to pay minimum (or overtime) wages under the FLSA, a plaintiff must demonstrate that (1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime

wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)) (unpublished).

Plaintiff's allegations sufficiently demonstrate an employee-employer relationship between himself and Defendant. Plaintiff alleges he was employed by Defendant as a non-exempt hourly employee working as a dishwasher from September 2021 to March 2022. (Doc. 1 ¶¶ 7–10.)

With respect to the coverage element, "a plaintiff employee must establish one of two types of coverage under the [FLSA]: (1) 'enterprise coverage,' which applies to the defendant employer, or (2) 'individual coverage,' which applies to the plaintiff employee." *Gaviria v. Maldonado Brothers, Inc.*, No. 13-60321-CIV-ROSENBAUM/HUNT, 2014 WL 12531281, at *3 (S.D. Fla. Mar. 31, 2014) (citing *Martinez v. Palace*, 414 F. App'x 243, 244–45 (11th Cir. 2011) and *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006)). An employer falls within the FLSA's enterprise coverage where:

> (1) it 'has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and (2) has an 'annual gross volume of sales made or business done . . . not less than $500,000.

*Id*. (quoting 29 U.S.C. § 203(s)(1)(A)).

In the Complaint, Plaintiff alleges that Defendant satisfies the enterprise coverage element because it has annual gross revenue that totaled $500,000 or more

and was engaged in interstate commerce within the meaning of the FLSA, since "it has employees handling, selling, or otherwise working on goods or materials including food, drinks, and supplies, that have been moved in or produced for commerce, as well as handling credit card transactions and accepting orders online and over the phone." (Doc. 1 ¶¶ 12–13) (footnote omitted). Accepting these allegations as true, I find Plaintiff sufficiently demonstrates enterprise coverage.

Having established a violation of § 207, Plaintiff is entitled to an award of damages, consisting of his unpaid overtime wages and an equal amount of liquidated damages. *See* 29 U.S.C. § 216(b). Based on the information Plaintiff provided, the undersigned makes the following calculation:

The overtime rate is one and a half times an employee's regular rate of pay. Plaintiff states in his Declaration in support of the Motion that he was compensated $740.29 weekly, and that he worked 60 hours per week, resulting in 20 overtime hours. (Doc. 23 ¶¶ 4, 5.) As a result, Plaintiff's regular hourly rate was $12.34, with an overtime premium of $6.17 ($12.34/2).

There is a discrepancy between the Complaint and Plaintiff's Declaration regarding the exact number of overtime hours Plaintiff worked. The Complaint alleges Plaintiff worked 540 overtime hours. (Doc. 1 ¶ 22.) However, Plaintiff's Declaration stated he worked 560 overtime hours, and the Complaint contains a miscalculation of hours. (Doc. 23 ¶ 7 n.4.) On a motion for default judgment, the Court cannot award more than the amount requested in the Complaint. Fed. R. Civ. P. 54(c). Therefore, despite Plaintiff's miscalculation in his Complaint, the undersigned finds it would not

be appropriate to award Plaintiff more than what he has pleaded in his complaint. Therefore, Plaintiff is entitled to an overtime premium of $6.17 for 540 overtime hours, for a total of $3,331.80. However, Plaintiff's Complaint alleges Plaintiff is owed $3,331.31 in overtime, for a difference of $0.49. (Doc. 1 ¶ 22.) As $3,331.31 was pleaded in Plaintiff's Complaint, the undersigned finds it appropriate to award that amount.

Additionally, Plaintiff is owed an equal amount of damages in liquidated damages. Therefore, the undersigned respectfully recommends Plaintiff be awarded **$3,331.31** in actual damages for his unpaid overtime wages and **$3,331.31** in liquidated damages, for a total award of **$6,662.62.**

### 2. Entitlement to Attorney's Fees

In the Complaint, Plaintiff makes a claim for attorney's fees and costs pursuant to the FLSA. (Doc. 1 at 5.) A party that prevails on an FLSA claim is entitled to reasonable attorney's fees and costs. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Here, as discussed above, the undersigned recommends granting default judgment in favor of Plaintiff and awarding $6,662.62. Therefore, Plaintiff is the prevailing party in this case and is entitled to an award of attorney's fees under §216(b) of the FLSA. *See Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigr. Servs.*, 452 F.3d 1254, 1257 (11th Cir. 2006) (stating that "'a prevailing party' is one who has been awarded some

relief by the court").

After determining a prevailing party's entitlement to fees, the Court must then consider the reasonableness of the amount of fees and costs award. To calculate a reasonable award of attorney's fees, courts multiply the reasonable hourly rate by the reasonable hours expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In determining this lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citations omitted). In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates. *Norman*, 836 F.2d at 1299. At a minimum, satisfactory evidence consists of more than the affidavit of the attorney performing the work; instead, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.*

After determining the reasonable hourly rate, courts must then determine the number of hours reasonably expended on the litigation. In submitting a fee petition, counsel must exercise proper billing judgment and thus exclude any hours that are

"excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Accordingly, counsel may not bill any hours to their adversary which they would not bill to their client. *Id.* "[W]here the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the court may make the award on its own experience." *Norman*, 836 F.2d at 1303.

      Plaintiff seeks reimbursement for 15.2 total hours of attorney time at a rate of $400 and $450 per hour for Attorneys Joseph C. Wood and Maurice Arcadier, respectively. (Doc. 20 at 7.) Plaintiff also seeks reimbursement for 6.7 hours of paralegal time at a rate of $125 per hour for Paralegal Elizabeth M. Waryk. (*Id.*) Plaintiff seeks a total fee award of $6,967.50. Plaintiff's attorney, Mr. Wood, also filed a Declaration in support of this fee request. (Doc. 21.)

      Mr. Wood has practiced law for 11 years and is a partner at his law firm. (Doc. 20 at 7.) Mr. Wood cites to caselaw where he was awarded an hourly rate of $350 per hour in another FLSA matter. (*Id.* at 8) (citing *Sumner v. Garner*, 6:18-cv-40-Orl-28GJK (Docs. 59 at 3, 61).) Mr. Wood asserts that, given inflation, a rate of $350 in 2019 has a fair market value today of $403.67, using the U.S. Department of Labor Statistics CPI Inflation Calculator. (*Id.*) As such, Mr. Wood seeks an hourly rate of $400 per hour.

      The undersigned finds that an hourly rate of $400 an hour is appropriate for Mr. Wood, given inflation and awards in prior cases in the Orlando Division of the Middle District of Florida. *See, e.g.*, *Bishop v. VIP Transportation Group, LLC*, No. 6:15-cv-2118-Orl-22KRS, Doc. 46 at 7 (M.D. Fla. Apr. 7, 2017) (recommending a rate of $350 per

hour as reasonable for an attorney with more than 20 years of experience as a labor and employment attorney), *report and recommendation adopted*, Doc. 47 (M.D. Fla. Apr. 27, 2017); *Curbelo et al. v. Mallard Cleaning Systems, LLC*, No. 6:14-cv-2103-Orl-37DAB, Doc. 24 at 4 (M.D. Fla. Apr. 14, 2015) (recommending a rate of $350 per hour as reasonable for an attorney who had been a member of the Florida Bar for 9 years and practiced extensively in employment related matters for 8 years), *report and recommendation adopted*, Doc. 26 (Apr. 15, 2016).

Mr. Arcadier is the managing partner of his law firm and has practiced law for 25 years. (Doc. 20 at 9.) He is board certified in the area of Labor and Employment. (*Id.*) Mr. Arcadier cites to caselaw where he was awarded an hourly rate of $400 per hour in another FLSA matter. (*Id.*) (citing *Sumner*, 6:18-cv-40-Orl-28GJK (Docs. 59, 61).) He likewise asserts that, given inflation, a rate of $400 in 2019 has a fair market value today of $461.34, using the U.S. Department of Labor Statistics CPI Inflation Calculator. (*Id.*). As such, Mr. Arcadier seeks an hourly rate of $450 per hour. The undersigned finds that an hourly rate of $450 an hour is appropriate for Mr. Arcadier given inflation and awards in prior cases in Orlando Division of the Middle District of Florida.

Finally, Ms. Waryk is a Florida Registered Paralegal who has seven years of experience. (Doc. 20 at 10.) Her billable rate is $125, and Plaintiff seeks to recover her time at that hourly rate. (*Id.*) Plaintiff asserts that $125 per hour is the median hourly rate for paralegals according to the Florida Bar's 2018 Economics and Law Office Management Survey published in March 2019. (Doc. 20 at 10) (citing *HealthPlan*

*Servs., Inc. v. Dixit*, No. 8:18-cv-2608-T-23AAS, 2019 WL 7041837, at *4 (M.D. Fla. Dec. 20, 2019) (awarding paralegal $125 hourly rate in trade secret case)). Other courts in the Middle District have awarded experienced paralegals hourly rates in the range of $90 to $125. *See HealthPlan Servs.*, 2019 WL 7041837, at *4; *see also Johnson v. Potter*, No. 8:08–cv–1279–T–24 TGW, 2011 WL 672347, at *2–3 (M.D. Fla. Feb. 17, 2011) (awarding paralegals hourly rates of $115 and $90 per hour in employment discrimination case). In light of this persuasive authority and relying on the Court's own experience and expertise in these matters, the undersigned finds it appropriate to award Ms. Waryk an hourly rate of $125 per hour.

With respect to the hours expended, the timesheet reflects the attorneys and paralegal expended a reasonable amount of time on the matter. Mr. Wood seeks reimbursement for 14.2 hours of time. (Doc. 21 Ex. A.) Most of this time entails preparing docket filings. (*Id.*) Mr. Arcadier seeks reimbursement for a 1 hour meeting with Plaintiff about this case. (*Id.*) Finally, Ms. Waryk seeks reimbursement for 6.7 hours of time. (*Id.*) Her time was spent preparing docket filings and maintaining the case file. (*Id.*) Upon review, the undersigned finds that the hours expended in this case are reasonable.

### 3. The Lodestar

Based upon the foregoing recommendations, the undersigned calculates a lodestar of **$6,967.50** as follows:

|  | Rate | Hours | Total |
|---|---|---|---|
| Joseph C. Wood | $400 | 14.2 | $5,680 |
| Maurice Arcadier | $450 | 1.0 | $450 |
| Elizabeth M. Waryk (Paralegal) | $125 | 6.7 | $837.50 |
|  |  |  | **$6,967.50** |

### 4. Entitlement to Costs

Plaintiff requests costs in the amount of $461. (Doc. 21 ¶ 12.) The costs recoverable by a prevailing plaintiff in FLSA cases under § 216(b) are limited to those costs enumerated in 28 U.S.C. § 1920. *See Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). Here, Plaintiff seeks to recover costs associated with the filing fee ($402) and service of process fees ($59). These costs are properly recoverable under § 1920. *See* 28 U.S.C. § 1920(1). The evidence provided by Plaintiff supports this award. (*See* Doc. 21.) Therefore, it is recommended that costs be awarded in the amount of **$461**.

## IV. RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** Plaintiff's Motion for Entry of Final Default Judgment (Doc. 20);

2. **ENTER** a default judgment against Margaritas V&P, Inc. by awarding:

    a. $3,331.31 in actual damages for Plaintiff's unpaid overtime wages and $3,331.31 in liquidated damages, for a total damages award of $6,662.62.

    b. $6,967.50 in attorney's fees and $461 in costs.

3. Thereafter, **DIRECT** the Clerk of Court to close the case.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on March 14, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE