UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUAN PEREZ,

      Plaintiff,

v.                                   Case No: 6:22-cv-1133-RBD-EJK

MARGARITAS V&P, INC.,

      Defendant.

## ORDER

This cause comes before the Court on Plaintiff's *Ex Parte* Motion for Issuance of a Post-Judgment Writ of Garnishment to Regions Bank and Appointment of Special Process Server (the "Motion") (Doc. 29), filed April 20, 2023. Upon consideration, the Motion is due to be granted.

On March 30, 2023, the Court entered a final default judgment in favor of Plaintiff, Juan Perez, and against Defendant, Margaritas V&P, Inc., in the amount of $3,331.31 in actual damages for Plaintiff's unpaid overtime wages and $3,331.31 in liquidated damages, for a total damages award of $6,662.62, $6,967.50 in attorney's fees, and $461.00 in costs. (Doc. 28.) In the instant Motion, Plaintiff requests the issuance of an *ex parte* writ of garnishment to Regions Bank (the "Garnishee"). Attached to the Motion is a proposed writ. (Docs. 29-2.)

"A money judgment is enforced by a writ of execution." Fed. R. Civ. P. 69(a)(1). "The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.*

Federal Rule of Civil Procedure 64 provides that a judgment-creditor has access to "every remedy . . . available . . .under the law of [Florida] . . . for seizing a . . . property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a)

Garnishment proceedings in Florida are governed by Chapter 77 of the Florida Statutes. "Every . . . entity who has . . . recovered judgment in any court against any person . . . has a right to a writ of garnishment." Fla. Stat. § 77.01. Under Florida law, "[a]fter judgment has been obtained against defendant . . . the plaintiff, the plaintiff's agent or attorney, shall file a motion . . . stating the amount of the judgment." Fla. Stat. § 77.03. Section 77.04 provides the form of the writ:

> The writ shall require the garnishee to serve an answer on the plaintiff within 20 days after service of the writ stating whether the garnishee is indebted to the defendant at the time of the answer, or was indebted at the time of service of the writ, plus up to 1 business day for the garnishee to act expeditiously on the writ, or at any time between such times; in what sum and what tangible or intangible personal property of defendant the garnishee has in his or her possession or control at the time of his or her answer, or had at the time of the service of the writ, or at any time between such times; and whether the garnishee knows of any other person indebted to defendant, or who may have any of the property of defendant in his or her possession or control. The writ shall state the amount named in plaintiff's motion. If the garnishee is a business entity, an authorized employee or agent of the entity may execute, file, and serve the answer on behalf of the entity.

Fla. Stat. § 77.04. "Post-judgment writs of garnishment may be issued *ex parte* and without notice to the judgment debtor." *Ainbinder v. Hingson*, No. 8:18-mc-54-T-33JSS, 2018 WL 6605247, at *1 (M.D. Fla. July 23, 2018); *accord Michael Grecco Prods., Inc. v. SofferSapp LLC*, No. 16-24966-CIV-COOKE/O'SULLIVAN, 2021 WL 3109971, at *2 (S.D. Fla. July 22, 2021).

Plaintiff asserts that he believes Garnishee is indebted to Defendant because it holds one or more accounts in Defendant's name. (Doc. 29 at 2.) Plaintiff has complied with Rule 69 and Florida law—the proposed writ of garnishment contains all the necessary language under § 77.04. Thus, the Court finds that Plaintiff has demonstrated entitlement to the writ.

Additionally, Plaintiff requests that the Court appoint a special process server to serve the writ of garnishment. (Doc. 29 at 2.) Plaintiff cites to *Francois v. Washmonbo, Inc.*, No. 05-23368-CIV, 2008 WL 2694752, at *2 (S.D. Fla. July 8, 2008) (appointing special process server to serve a writ to garnish wages) and Fed. R. Civ. P. 4.1 ("Process—other than a summons under Rule 4 or a subpoena under Rule 45—must be served by a United States marshal or deputy marshal or by a person specially appointed for that purpose.") in support of the request. Based on the undersigned's review, the request is appropriate in this context. *Bank of Am., N.A. v. Orlando Smiles, Inc.*, No. 6:21-CV-993-WWB-GJK, 2022 WL 2305990, at *2 (M.D. Fla. Apr. 7, 2022) (appointing special process server to serve writ of garnishment). Accordingly, Plaintiff's request to appoint a process server will be granted.

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff's *Ex Parte* Motion for Issuance of a Post-Judgment Writ of Garnishment to Regions Bank and Appointment of Special Process Server (Doc. 29) is **GRANTED**.

2. The Clerk is **DIRECTED** to **ISSUE** the proposed writ of garnishment (Doc. 29-2). The Clerk is **FURTHER DIRECTED** to remove the *Ex Parte* designation on the Motion.

3. James Kady is hereby appointed and authorized to effect service of process on Regions Bank, consistent with all applicable rules and laws concerning the service of a writ of garnishment upon a garnishee.

**DONE** and **ORDERED** in Orlando, Florida on May 8, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE